UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL V. ROUNBEHLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> BUNKER HILL COMMUNITY COLLEGE, et al., <br><br> Defendants. | Civil Action No. <br> 24-11461-NMG |

MEMORANDUM & ORDER

GORTON, J.

Russell V. Rounbehler, Jr., a resident of Somerville, Massachusetts, filed a pro se complaint against Bunker Hill Community College and the State of Massachusetts Office of Student Aid. With his complaint, he filed a motion for leave to proceed in forma pauperis. His subsequent emergency motion for temporary restraining order was denied and now pending are an emergency motion for temporary restraining order and preliminary injunction; a motion to appoint attorney; a motion to waive filing costs; and a motion for preliminary injunction.

For the reasons stated below, the court allows the motions for leave to proceed in forma pauperis and waive filing fee costs, denies without prejudice the remaining motions and advises Rounbehler that this action will be dismissed unless he files an amended complaint.

I.  **Motion for Leave to Proceed in Forma Pauperis**

Under 28 U.S.C. § 1915, a court may permit a person to proceed without prepayment upon submission of an affidavit showing that "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a). Upon review of Rounbehler's application to proceed in district court without prepaying fees or costs (also referred to as a motion or application to proceed in forma pauperis), the court concludes that he is without assets to pay the filing fee and ALLOWS the motion.

II. **Screening of the Complaint**

When a plaintiff proceeds without legal representation, the court must construe that plaintiff's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Because Rounbehler is proceeding in forma pauperis, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must contain "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## III. Discussion

Although Rounbehler uses the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts, the factual allegations are difficult to follow. Rounbehler identifies the two defendants as follows: (1) Bunker Hill Community College, Financial Aid Michael Costello; and (2) State of Massachusetts Office of Student Aid, Gov. Healy. Compl. at ¶ I(B). According to Rounbehler, "the state along with the school Harassed, Hazed, Held Funds, sabatoge[d Rounbehler] and [tried] to stop [Rounbehler's] education [by withholding] money." Id. at ¶ III. Rounbehler invokes this Court's federal question jurisdiction and brings this action under "Brown v. Board of Ed.[,] Title VI[,] Civil Rights Act 64, 68[, and] No Child Left Behind/Fair Chance 2015." Id. at ¶ II(A). For relief, Rounbehler seeks the "cost of attendance at BHCC after Pell award $20,000.00 [and] Damages $10,000,000.00." Id. at ¶ II(B)(3). Among other things, he seeks "transfer of credits accepted by Title VI schools and proper placement in math" as well as enjoining the defendants from administering "false tests" and other obstacles that "sabotage [Rounbehler's] education." Id.

Rounbehler's complaint does not meet the standard for a "short and plain statement" of his claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). As currently pled,

4

the complaint does not contain enough factual details to permit the court to draw the reasonable inference that either of the defendants is liable for any misconduct alleged.

Rounbehler's contention that his civil rights were violated suggests that he may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983.[1] Speaking broadly, § 1983 provides a remedy for the violation of a federal right by a person acting under the color of state law, but its application is not without limitations. There is no respondeat superior liability under section 1983 nor any supervisory liability and therefore, each defendant is liable only for his or her own misconduct. Iqbal, 556 U.S. at 677.

To the extent Rounbehler asserts a claim under Title VI, he does not allege any facts reasonably suggesting that any decisions made by the defendants violated this federal statute[2].

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). The Due Process Clause of the Fourteenth Amendment bars states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[2] Title VI, codified at 42 U.S.C. § 2000d, prohibits exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the grounds of race, color, or national origin.

If Rounbehler wishes to proceed, he must file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief.

## IV. Filing of an Amended Complaint

To the extent Rounbehler wishes to proceed, an amended complaint must be filed. Any amended complaint must set forth plausible claims upon which relief can be granted. Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Because it promotes clarity, "each claim founded on a separate transaction or occurrence... must be stated in a separate count." Id. Any amended "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Finally, an amended complaint completely replaces the original complaint. See Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011). If an amended complaint is filed, it will be subject to screening.

V.  Conclusion

Accordingly, the Court hereby orders:

1.   The motion (Docket No. 2) for leave to proceed <u>in forma pauperis</u> and motion (Doc. No. 4) to waive filing costs are <u>ALLOWED</u>.

2.   The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.  This action will be dismissed in 21 days from the date of this Memorandum and Order unless Rounbehler files an amended complaint which sets forth a plausible claim upon which relief may be granted.  Failure to comply with these directives will result in the dismissal of this action.

3.   The emergency motion (Docket No. 8) for temporary restraining order and preliminary injunction and motion for preliminary injunction (Docket No. 10) are DENIED WITHOUT PREJUDICE subject to refiling with an amended complaint.

4. The motion (Docket No. 9) to appoint an attorney is <u>DENIED WITHOUT PREJUDICE</u>.

**So ordered.**

Dated: 06/27/2024

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge